**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK JOHNSON; FRANCO S.
CALZOLAI; MICHAEL R. BRYANT,

            Plaintiffs - Appellants,

 v.

CITY AND COUNTY OF SAN
FRANCISCO; CIVIL SERVICE
COMMISSION OF SAN FRANCISCO;
SAN FRANCISCO FIRE
DEPARTMENT; SAN FRANCISCO
FIRE COMMISSION,

            Defendants - Appellees.

No. 12-15998

D.C. No. 3:09-cv-05503-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted April 9, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mark Johnson, Franco S. Calzolai, and Michael R. Bryant (collectively, "Plaintiffs") appeal the district court's order granting summary judgment in favor of the City and County of San Francisco, Civil Service Commission of San Francisco, San Francisco Fire Department, and San Francisco Fire Commission (collectively, "Defendants").

We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part and reverse and remand in part.

1. Plaintiffs did not offer any argument or evidence to challenge the district court's order granting summary judgment in favor of Defendants with respect to their claims for: (a) violation of 42 U.S.C. § 1983 (Counts 2, 6, and 10); (b) unlawful retaliation based on 42 U.S.C. §§ 1981, 1983; Title VII of the Civil Rights Act of 1964 ("Title VII"); and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq.* (Counts 9 through 12); and (c) failure to prevent discrimination in violation of § 1981, § 1983, Title VII, and FEHA (Counts 5 through 8). Accordingly, Plaintiffs have waived these issues, and the only remaining causes of action at issue are the race discrimination claims in violation of § 1981, Title VII, and FEHA (Counts 1, 3, and 4, respectively). *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012)

("Claims not made in an opening brief in a sufficient manner to put the opposing party on notice are deemed waived.").

2.  The district court properly determined that some of Plaintiffs' Title VII claims were untimely.  In 2008 and 2009, Plaintiffs filed their initial discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  In December 2008, January 2009, and February 2009, the EEOC issued Plaintiffs right-to-sue notices, which instructed them that should they choose to bring a civil action, such action must be filed within 90 days of their receipt of their notice.  *See* 42 U.S.C. § 2000e-5(f)(1).  Plaintiffs commenced the instant action in November 2009, well after the prescribed 90-day period.  Consequently, the district court lacked subject matter jurisdiction over, and properly disposed of, the claims advanced in Plaintiffs' 2008 and 2009 EEOC charges.  *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003).

However, the district court erred in dismissing Plaintiffs' amended Title VII claims as similarly untimely.  Plaintiffs filed a second round of charges with the EEOC in June 2010, and received authorization to sue in July 2010.  Plaintiffs then amended the complaint to supplement their original allegations.  Although the district court characterized the second charges to the EEOC as identical to the first, the second charges included the use of the challenged employment practice on

3

subsequent occasions. *See generally Lewis v. City of Chicago*, 560 U.S. 205, 213–16 (2010). On the charge filed by Plaintiff Calzolai, for example, he categorized the matter as a "Continuing Action" and noted that the latest instance of alleged discrimination occurred in September 2009. Indeed, it appears from the record that the challenged policies and practices remained in place through 2009, 2010, and 2011, and were used periodically to promote certain candidates in each of those years. Under the circumstances, imposing the administrative exhaustion rules to require Plaintiffs to re-file suit is unnecessary and would run counter to the purposes of administrative exhaustion in the first place. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Therefore, the district court erred to the extent it purported to dispose of alleged violations that occurred after 2009.

3. The district court also erred in its analysis of Plaintiffs' Title VII, FEHA, and § 1981 disparate impact claims. "A plaintiff establishes a prima facie case of disparate impact by showing a significant disparate impact on a protected class caused by a specific, identified, employment practice or selection criterion." *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002). Plaintiffs' theory is that Defendants promoted candidates based on their rank-ordered examination scores. The district court rejected that theory as lacking evidentiary support, and instead accepted Defendants' position that because all candidates within the 74-point

"statistically valid group" were eligible for promotion, actual promotions were irrelevant. The evidence in the record, however, creates at least a triable issue of fact as to whether the Chief actually promoted candidates based on their rank-ordered examination scores, without regard to the grouping procedure. Further, the district court's observation that disparate impact claims attack unequal opportunity—that is, disparity in eligibility for promotion, not disparity in actual promotions—while true, does not preclude Plaintiffs from arguing that rank-order was the Department's actual eligibility criteria based on the record of actual promotions. We therefore reverse and remand to the district court to determine, among other things, whether a statistically significant disparity resulted from the eligibility criteria challenged by Plaintiffs. *See Contreras v. City of Los Angeles*, 656 F.2d 1267, 1272–74 (9th Cir. 1981).

4. The district court properly granted summary judgment on Plaintiffs' disparate treatment claims, because they failed to establish a prima facie case by offering "evidence that gives rise to an inference of unlawful discrimination." *Vasquez*, 349 F.3d at 640. It is undisputed that those responsible for scoring the exam had no information about any candidate's identity or race. Nor is it disputed that among those who have allegedly received unearned points were African Americans, including three among the top thirteen candidates in the eligibility list.

5

Accordingly, Plaintiffs' disparate treatment claims under Title VII, FEHA, and §

1981 lack merit. *See Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840,

850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under §

1981 follows the same legal principles as those applicable in a Title VII disparate

treatment case.").

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED and REMANDED in part.**